UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY PHOTHIKHAM, ) | Case No. CV 09-5859 JC |
| Plaintiff, ) ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| MICHAEL J. ASTRUE, ) Commissioner of Social ) Security, ) | |
| Defendant. ) | |

## I. SUMMARY

On August 17, 2009, plaintiff Jerry Phothikham ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. On May 21, 2010, the parties filed a Joint Stipulation ("JS") setting forth their respective positions on plaintiff's claims.[1] On December 1, 2010, the matter was transferred and referred to the current Magistrate Judge. The parties thereafter filed consents to proceed before the current Magistrate Judge. On March 25, 2011, the matter was formally reassigned

---

[1]On February 22, 2011, plaintiff withdrew from consideration his claim that the administrative law judge who heard his case was not qualified. (Docket No. 31).

to the instant Court for final disposition. The Court has taken this matter under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15.

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[2]

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On October 31, 2006, plaintiff filed an application for Supplemental Security Income benefits. (Administrative Record ("AR") 26, 113-15). Plaintiff asserted that he became disabled on June 1, 1991, due to Autistic Disorder, language problems, and learning problems. (AR 113, 118). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel), plaintiff's mother, and a vocational expert on November 14, 2007. (AR 26, 64-89).

On February 7, 2008, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 36). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: autistic spectrum disorder and asthma (AR 29); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 30-31); (3) plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels with certain nonexertional limitations[3] (AR 31); (4) plaintiff had no past relevant work (AR 34); (5) there are jobs that exist in

---

[2]The harmless error rule applies to the review of administrative decisions regarding disability. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of application of harmless error standard in social security cases).

[3]The ALJ determined that plaintiff is limited to simple, repetitive tasks, can have limited public contact, and is precluded from working around environmental irritants. (AR 31).

significant numbers in the national economy that plaintiff could perform, specifically bench assembly worker and fast food worker (AR 34-35); and (6) plaintiff's allegations regarding his limitations were not wholly credible (AR 34).

The Appeals Council denied plaintiff's application for review. (AR 3).

### III. APPLICABLE LEGAL STANDARDS

#### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit his ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

///

1  (4)  Does the claimant possess the residual functional capacity to perform his past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5)  Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow him to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

### B. Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d

953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

### A. The ALJ's Findings at Step 5 Are Free of Material Error

Plaintiff asserts that the ALJ erred at step five in finding that plaintiff could perform the jobs of fast-foods worker and bench assembler because (1) such jobs have a specific vocational preparation ("SVP") Level of 2 which is inconsistent with plaintiff's limitation to simple, repetitive tasks; and (2) the jobs require significant interaction with customers and co-workers, which requirements are inconsistent with plaintiff's limitation on public contact. (JS at 6-8, 25-27). The Court disagrees.

#### 1. Pertinent Law

If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show, at step five, that the claimant can perform some other work that exists in "significant numbers" in the national economy (whether in the region where such individual lives or in several regions of the country), taking into account the claimant's residual functional capacity, age, education, and work experience. Tackett, 180 F.3d at 1100 (citing 20 C.F.R § 404.1560(b)(3)); 42 U.S.C. § 423(d)(2)(A). Where, as here, a claimant suffers only non-exertional limitations, the Commissioner must consult a vocational expert. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Tackett); Lounsburry v. Barnhart, 468 F.3d 1111, 1115 (9th Cir.), as amended (2006).

The vocational expert's testimony may constitute substantial evidence of a claimant's ability to perform work which exists in significant numbers in the national economy when the ALJ poses a hypothetical question that accurately describes all of the limitations and restrictions of the claimant that are supported by the record. See Tackett, 180 F.3d at 1101; see also Robbins v. Social Security

Administration, 466 F.3d 880, 886 (9th Cir. 2006) (finding material error where the ALJ posed an incomplete hypothetical question to the vocational expert which ignored improperly-disregarded testimony suggesting greater limitations); Lewis v. Apfel, 236 F.3d 503, 517 (9th Cir. 2001) ("If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value.").

ALJs routinely rely on the Dictionary of Occupational Titles ("DOT") "in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy." Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); see also 20 C.F.R. § 416.966(d)(1) (DOT is source of reliable job information). The DOT is the presumptive authority on job classifications. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). An ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT, and if so, the reasons therefor. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing Social Security Ruling 00-4p).[4] In order for an ALJ to accept vocational expert testimony that contradicts the DOT, the record must contain "persuasive evidence to support the deviation." Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001) (quoting Johnson, 60 F.3d at 1435). Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality, or inferences drawn from the context of the expert's testimony. Light v. Social Security Administration, 119 F.3d 789, 793 (9th Cir.), as amended (1997) (citations omitted).

---

[4] Social Security rulings are binding on the Administration. See Terry, 903 F.2d at 1275. Such rulings reflect the official interpretation of the Social Security Administration and are entitled to some deference as long as they are consistent with the Social Security Act and regulations. Massachi, 486 F.3d at 1152 n.6.

### 2. Analysis

First, to the extent plaintiff contends that the jobs of "bench assembly worker" and "fast food worker" are inconsistent with his limitation to simple, repetitive tasks because the jobs have an SVP level of 2, his claim lacks merit. Contrary to plaintiff's argument, "[a job's] SVP level does not address whether a job entails only simple, repetitive tasks." Carney v. Astrue, 2010 WL 5060488, at *4 (C.D. Cal. Dec. 6, 2010) (citing Meissl v. Barnhart, 403 F. Supp. 2d 981, 983 (C.D. Cal. 2005)). A job's level of simplicity is addressed by its General Educational Development ("GED") reasoning development rating. Id. DOT job descriptions include a GED definition component which "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance." Grigsby v. Astrue, 2010 WL 309013, *2 (C.D. Cal. Jan. 22, 2010). The GED component is comprised of discrete scales, including a scale for "Reasoning Development." Id. The GED reasoning development scale ranges from Level 1 (low) to Level 6 (high). Id. Levels 1 and 2 are defined as follows:

> Level 1  Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.
>
> Level 2  Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.

Id. (citing DOT, Appendix C).

Here, the ALJ included plaintiff's limitation to "simple, repetitive tasks" in the hypothetical question she posed to the vocational expert. (AR 31; 76). The ALJ adopted the vocational expert's findings that, in spite of such limitation,

plaintiff could perform the occupations of bench assembly worker and fast food worker, both of which, according to the DOT, require a reasoning development level of 2. (AR 35, 340-41 [DOT No. 311.472-010 ("Fast-Foods Worker")], 344-45 [DOT No. 706.684-022 ("Assembler, Small Products I")]). Although the Ninth Circuit has not addressed the issue, district courts have held that a limitation to simple, repetitive tasks is consistent with GED reasoning development Level 2. See, e.g., Bagshaw v. Astrue, 2010 WL 256544, *6 (C.D. Cal. Jan. 20, 2010) (position of "bench assembler" with GED reasoning development level of 2 was consistent with claimant's ability to perform "simple and repetitive" tasks); Salazar v. Astrue, 2008 WL 4370056, *7 (C.D. Cal. Sept. 23, 2008) (numerous courts have rejected argument that limitation to simple, repetitive tasks is inconsistent with level two reasoning ability); Tudino v. Barnhart, 2008 WL 4161443, *10 (S.D. Cal. Sept. 5, 2008) (capacity to perform simple repetitive tasks consistent with unskilled work; level two reasoning appears to be breaking point for those individuals limited to performing only simple repetitive tasks); Charles v. Astrue, 2008 WL 4003651, *4-*5 (W.D. La. Aug. 7, 2008) (because of level two's use of term "uninvolved" in conjunction with "detailed," level two consistent with a residual functional capacity to perform simple, routine, repetitive work tasks); Isaac v. Astrue, 2008 WL 2875879, *3-*4 (E.D. Cal. July 24, 2008) (limitation to simple job instructions consistent with level 2 reasoning); Squier v. Astrue, 2008 WL 2537129, *5 (C.D. Cal. June 24, 2008) (limitation to simple, repetitive tasks not inconsistent with ability to perform jobs with reasoning level of two; observing that while level two uses term "detailed instructions," "it specifically caveats that the instructions would be uninvolved – that is, not a high level of reasoning); Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005) (level two reasoning consistent with residual functional capacity to perform simple and routine work); Meissl, 403 F. Supp. 2d at 983 (plaintiff's ability to perform simple tasks that had some element of repetitiveness to them indicated reasoning

1  level of two; while level 2 references ability to follow detailed instructions, it
2  qualifies and downplays the rigorousness of those instructions by labeling them as
3  uninvolved); Flaherty v. Halter, 182 F. Supp. 2d 824, 850 (D. Minn. (2001) ("the
4  DOT's level two reasoning requirement did not conflict with the ALJ's prescribed
5  limitation" to "simple, routine, repetitive, concrete, tangible tasks").  Accordingly,
6  since the jobs of "bench assembly worker" and "fast food worker" are not
7  inconsistent with plaintiff's assessed residual functional capacity, the ALJ did not
8  err at step five on this basis.

9  Second, the ALJ did not materially err at step 5 in adopting the vocational
10 expert's finding that plaintiff could perform the job of fast food worker.  Plaintiff
11 contends that plaintiff's public contact limitation conflicts with the position of fast
12 food worker which, as defined in the DOT, requires "extensive public contact."
13 (JS at 8; AR 341-42).  Here, the ALJ erred by not asking the vocational expert
14 whether her testimony that plaintiff could perform the job of fast food worker
15 conflicted with the DOT and, if so, whether there was a reasonable explanation for
16 the conflict.  Nonetheless, the Court finds any such error to be harmless as the
17 record contains sufficient support for the vocational expert's testimony so as to
18 justify any potential conflict with the DOT.  Massachi, 486 F.3d at 1154 n.19 (An
19 ALJ's failure affirmatively to ask whether vocational expert's testimony conflicts
20 with DOT is harmless error where "there [is] no conflict, or if the vocational
21 expert had provided sufficient support for her conclusion so as to justify any
22 potential conflicts.").  The vocational expert testified that sufficient fast food
23 worker positions existed which would require limited public contact (*i.e.*, "food
24 preparation").[5]  (AR 77).  In addition, the ALJ specified in her decision that she
25 ///

---

28  [5]The vocational expert opined that even the position of fast food cashier "to some degree [has] limited contact [with the public]." (AR 77).

1  adopted the vocational expert's finding only to the extent that a fast food worker
2  position involved "non-cashier/non-public interaction." (AR 35).
3      Finally, plaintiff contends that the position of bench assembly worker is
4  inconsistent with plaintiff's limitation on public contact because such position
5  involves frequent contact with co-workers. (JS at 8). The Court disagrees. While
6  plaintiff correctly notes that the job of bench assembler requires frequent
7  interaction with co-workers[6] (AR 344), the ALJ expressly stated at the
8  administrative hearing, that plaintiff's residual functional capacity assessment did
9  not contain a limitation on plaintiff's interaction with co-workers.[7] (AR 76).
10     Accordingly, a remand or reversal on these grounds is not warranted.

### B. The ALJ Properly Considered Lay Witness Evidence

Plaintiff contends that the ALJ failed properly to consider the testimony provided by plaintiff's mother, Josie Phothikham, and failed to provide sufficient reasons for disregarding her statements. (JS a 9-10, 27). The Court disagrees.

#### 1. Pertinent Law

Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. Stout, 454 F.3d at 1056 (citations omitted); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); see also Robbins, 466 F.3d at 885 (ALJ required to account for all lay witness testimony in discussion of findings) (citation omitted); Regennitter v. Commissioner of Social Security Administration, 166 F.3d 1294, 1298 (9th Cir. 1999) (testimony by lay witness who has observed claimant is important source of

---

[6]A bench assembler "[f]requently works at [a] bench as [a] member of [an] assembly group." (AR 344 [DOT No. 706.684-022 ("Assembler, Small Products I")]).

[7]At the administrative hearing, plaintiff's attorney asked whether the limitation on public contact in the ALJ's hypothetical question to the vocational expert included a limitation on contact with "co-workers and supervisor[s]." (AR 76). The ALJ said it did not. (AR 76).

1  information about claimant's impairments); Nguyen v. Chater, 100 F.3d 1462,
2  1467 (9th Cir. 1996) (lay witness testimony as to claimant's symptoms or how
3  impairment affects ability to work is competent evidence and therefore cannot be
4  disregarded without comment) (citations omitted); Sprague v. Bowen, 812 F.2d
5  1226, 1232 (9th Cir. 1987) (ALJ must consider observations of non-medical
6  sources, *e.g.*, lay witnesses, as to how impairment affects claimant's ability to
7  work).
8        In cases in which "the ALJ's error lies in a failure to properly discuss
9  competent lay testimony favorable to the claimant, a reviewing court cannot
10 consider the error harmless unless it can confidently conclude that no reasonable
11 ALJ, when fully crediting the testimony, could have reached a different disability
12 determination." Robbins, 466 F.3d at 885 (quoting Stout, 454 F.3d at 1055-56).

     **2.    Analysis**

14       First, plaintiff's assertion that "the ALJ did not address the testimony of
15 Plaintiff's mother" (JS at 10) is belied by the record. The ALJ expressly noted in
16 her decision that plaintiff's mother had testified that plaintiff has behavioral
17 problems and difficulty paying attention, and that the ALJ had considered such lay
18 evidence. (AR 26, 32). The ALJ was not required to discuss every detail of
19 plaintiff's mother's statement. See Black v. Apfel, 143 F.3d 383, 386 (8th Cir.
20 1998) ("An ALJ's failure to cite specific evidence does not indicate that such
21 evidence was not considered[.]").
22       Second, the ALJ properly discredited plaintiff's mother's testimony which
23 was essentially the same as plaintiff's own subjective symptom testimony. Since,
24 as discussed below, the ALJ provided clear and convincing reasons for rejecting
25 plaintiff's own subjective complaints, it follows that the ALJ also gave germane
26 reasons for rejecting plaintiff's mother's similar testimony. See Valentine v.
27 Commissioner of Social Security Administration, 574 F.3d 685, 693-94 (9th Cir.
28 ///

2009) (ALJ properly discounted wife's testimony for same reasons used to discredit claimant's complaints which were similar).

As the ALJ expressly considered and rejected plaintiff's mother's similar statements based upon germane reasons which are supported by the record, a remand or reversal on this basis is not warranted.

### C. The ALJ Properly Evaluated Plaintiff's Credibility

Plaintiff contends that the ALJ inadequately evaluated the credibility of his subjective complaints – *i.e.*, that he is unable to sustain attention and frustrates and angers quickly. (JS at 10-14, 27-28). The Court disagrees.

#### 1. Pertinent Law

An ALJ is not required to believe every allegation of disabling pain or other non-exertional impairment. Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007) (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)). If the record establishes the existence of a medically determinable impairment that could reasonably give rise to symptoms assertedly suffered by a claimant, an ALJ must make a finding as to the credibility of the claimant's statements about the symptoms and their functional effect. Robbins, 466 F.3d 880 at 883 (citations omitted). Where the record includes objective medical evidence that the claimant suffers from an impairment that could reasonably produce the symptoms of which the claimant complains, an adverse credibility finding must be based on clear and convincing reasons. Carmickle v. Commissioner, Social Security Administration, 533 F.3d 1155, 1160 (9th Cir. 2008) (citations omitted). The only time this standard does not apply is when there is affirmative evidence of malingering. Id. The ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004).

///

To find the claimant not credible, an ALJ must rely either on reasons unrelated to the subjective testimony (*e.g.*, reputation for dishonesty), internal contradictions in the testimony, or conflicts between the claimant's testimony and the claimant's conduct (*e.g.*, daily activities, work record, unexplained or inadequately explained failure to seek treatment or to follow prescribed course of treatment). Orn, 495 F.3d at 636; Robbins, 466 F.3d at 883; Burch, 400 F.3d at 680-81; SSR 96-7p. Although an ALJ may not disregard such claimant's testimony solely because it is not substantiated affirmatively by objective medical evidence, the lack of medical evidence is a factor that the ALJ can consider in his credibility assessment. Burch, 400 F.3d at 681.

Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner. Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006). If the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

**2.  Analysis**

First, the ALJ properly discredited plaintiff's subjective complaints as inconsistent with plaintiff's daily activities. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistency between the claimant's testimony and the claimant's conduct supported rejection of the claimant's credibility); Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistencies between claimant's testimony and actions cited as a clear and convincing reason for rejecting the claimant's testimony). For example, the ALJ noted that in plaintiff's function report, plaintiff stated that he was able to get himself ready for school, take the bus, attend school full time (7 hours per day 5 days per week), write coherent essays in school, perform household chores and yard work, prepare simple meals, use the computer, and play video games. (AR 33, 137-41). The ALJ noted that, although plaintiff's sister indicated in her function report that plaintiff had

difficulty sustaining concentration, she nonetheless corroborated plaintiff's assertions regarding his ability to perform daily activities. (AR 33, 145-53). As the ALJ also noted, plaintiff stated during a consultative psychological evaluation that he had completed high school, and that he had no difficulty with shopping, performing household chores, caring for his personal needs, and using public transportation. (AR 33, 311). While plaintiff contends that such evidence does not discredit his testimony, this Court will not second-guess the ALJ's reasonable interpretation that it does, even if such evidence could give rise to inferences more favorable to plaintiff.

Second, an ALJ may discredit a plaintiff's subjective symptom testimony due, in part, to the absence of supporting objective medical evidence. Burch, 400 F.3d at 681; Rollins, 261 F.3d at 857 ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.") (citing 20 C.F.R. § 404.1529(c)(2)). Here, the ALJ noted that, although plaintiff was diagnosed with an autistic condition, "he has consistently been found to be high functioning with no significantly overt autistic symptoms." (AR 33). The ALJ noted that plaintiff "performed well" during the consultative psychological examination, and that the consultative psychologist determined that plaintiff was able to understand, remember and carry out simple instructions with appropriate pace and persistence and relate to others with only mild difficulty. (AR 33, 314). Similarly, none of plaintiff's individualized education program ("IEP") reports indicates the types of functional or behavioral issues plaintiff alleges. (AR 33).

Third, the ALJ properly discredited plaintiff's subjective complaints based on plaintiff's unexplained failure to seek psychiatric medication or other psychiatric treatment for his autism. (AR 33-34); see Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) (en banc) (In assessing credibility, the ALJ may properly

rely on plaintiff's unexplained failure to request treatment consistent with the alleged severity of her symptoms.); Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999); see Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1999) (lack of treatment and reliance upon nonprescription pain medication "clear and convincing reasons for partially rejecting [claimant's] pain testimony"); Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989) (ALJ permissibly considered discrepancies between the claimant's allegations of "persistent and increasingly severe pain" and the nature and extent of treatment obtained).

      Finally, the ALJ noted that, at the hearing, plaintiff's thoughts "did not seem to wander" and that plaintiff "answered [questions] alertly and appropriately." (AR 34). The ALJ was permitted to rely on her own observations of plaintiff at the hearing as one of the several factors affecting plaintiff's credibility. See Drouin v. Sullivan, 966 F.2d 1255, 1259 (9th Cir. 1992) (upholding credibility rejection where ALJ's observation of claimant at the hearing was one of several legitimate reasons stated); see also Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (ALJ's reliance on observations of claimant proper where ALJ pointed to plaintiff's affirmative exhibition of symptoms which were inconsistent with both medical evidence and plaintiff's other behavior and did not point to the absence of the manifestation of external symptoms to discredit plaintiff, referring to the latter as disapproved "sit and squirm" jurisprudence).

      Accordingly, a remand or reversal on this basis is not warranted.

## V.  CONCLUSION

      For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

      LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 11, 2011

                              /s/
                        Honorable Jacqueline Chooljian
                        UNITED STATES MAGISTRATE JUDGE